EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
James J. Tamulski (State Bar #64880)
Katharine Essick (State Bar #219426)
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone:    (415) 227-9455
Facsimile:    (415) 227-4255
E-Mail:       jtamulski@edptlaw.com
              kessick@edptlaw.com

Attorneys for Defendant
THOR DAHL CONTAINERSHIP K.S.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOLAN TURNER,<br><br>          Plaintiff,<br><br>     vs.<br><br>THOR DAHL CONTAINERSHIP K.S.,<br><br>          Defendant. | Case No: C07-04377 EMC<br><br>**ANSWER OF DEFENDANT THOR DAHL CONTAINERSHIP KS** |

COMES NOW THOR DAHL CONTAINERSHIP KS ("Defendant" or "Thor Dahl"), and in response to Plaintiff's Complaint, alleges as follows:

1. No response is required to Paragraph 1 of Plaintiff's Complaint. To the extent a response is required, Defendant denies the allegations.

2. No response is required to Paragraph 2 of Plaintiff's Complaint. To the extent a response is required, Defendant denies the allegations.

3. No response is required to Paragraph 3 of Plaintiff's Complaint. To the extent a response is required, Defendant denies the allegations.

4. No response is required to Paragraph 4 of Plaintiff's Complaint. To the extent a response is required, Defendant denies the allegations.

5. No response is required to Paragraph 5 of Plaintiff's Complaint. To the extent a

- 1 -
ANSWER OF DEFENDANT THOR DAHL CONTAINERSHIP KS
U.S. District of Cal., Northern Dist., Action No. C 07 4377 EMC

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

G:\28000.004 HYUNDAI EXPLORER (Turner)\Pleadings\Answer.doc

1 | response is required, Defendant denies the allegations.

2 |     6.    No response is required to Paragraph 6 of Plaintiff's Complaint. To the extent a
3 | response is required, Defendant denies the allegations.

4 |     7.    No response is required to Paragraph 7 of Plaintiff's Complaint. To the extent a
5 | response is required, Defendant denies the allegations.

6 |     8.    Defendant presently lacks knowledge or information sufficient to form a belief as
7 | to the truth of the allegations of Paragraph 8 of Plaintiff's Complaint, and on that basis denies
8 | each of them.

9 |     9.    No response is required to Paragraph 9 of Plaintiff's Complaint. To the extent a
10 | response is required, Defendant denies the allegations.

11 |     10.    No response is required to Paragraph 10 of Plaintiff's Complaint. To the extent a
12 | response is required, Defendant denies the allegations.

13 |     11.    Defendant denies the allegations of Paragraph 11 of Plaintiff's Complaint.

14 |     12.    No response is required to Paragraph 12 of Plaintiff's Complaint. To the extent a
15 | response is required, Defendant denies the allegations.

16 |     13.    Defendant presently lacks knowledge or information sufficient to form a belief as
17 | to the truth of the allegations of Paragraph 13 of Plaintiff's Complaint, and on that basis denies
18 | each of them.

19 |     14.    Defendant denies the allegations of Paragraph 14 of Plaintiff's Complaint.

20 |     15.    No response is required to Paragraph 15 of Plaintiff's Complaint. To the extent a
21 | response is required, Defendant denies the allegations.

22 |     16.    Defendant denies each and every allegation, unnumbered by Plaintiff, stated in the
23 | Attachment to his Complaint titled "Cause of Action – General Negligence."

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, losses and damages, if any, were caused or contributed to by Plaintiff's own negligence.

//

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 2 -

ANSWER OF DEFENDANT THOR DAHL CONTAINERSHIP KS
U.S. District of Cal., Northern Dist., Action No. C 07 4377 EMC

G:\28000.004 HYUNDAI EXPLORER (Turner)\Pleadings\Answer.doc

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, losses and damages, if any, were caused or contributed to by individuals or entities for whose conduct Defendant is not liable.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, if any, pre-existed, and were not caused by, the incident alleged in the Complaint.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, losses and damages, if any, were aggravated by Plaintiff's failure to use reasonable diligence to mitigate them, and Defendant is not responsible for damages that Plaintiff could have mitigated, but did not.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred by the applicable statute of limitations, and/or by laches.

### SIXTH AFFIRMATIVE DEFENSE

The doctrine of unclean hands bars Plaintiff from recovery for his alleged injuries, losses and damages, if any.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint does not state facts sufficient to constitute a cause of action against Defendant upon which relief may be granted.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, losses, and damages, if any, were wholly due to a failure on the part of Plaintiff to perform the responsibilities that were his, or that were assigned to him.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's recovery from Defendant, if any, may not exceed the percentage by which Defendant's negligence is established to have contributed to Plaintiff's injury, if any.

### TENTH AFFIRMATIVE DEFENSE

Applicable provisions of the Federal Longshore & Harbor Workers Compensation Act, 33 U.S.C. §901, *et seq.*, provide Plaintiff's exclusive remedies, and bar all causes of action

EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

except as provided under that Act.

### ELEVENTH AFFIRMATIVE DEFENSE

The alleged condition that caused Plaintiff's injuries, losses and damages, if any, was open and obvious to Plaintiff's employer, an expert and experienced stevedore, or to Plaintiff, a longshoreman; therefore Defendant had no duty to warn of any hazard or to protect the Plaintiff from any risk of harm for the alleged condition.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant did not breach any of the duties owed to a longshoreman under the United States Supreme Court decision of *Scindia Steam Navigation Company v. De Los Santos*, 451 U.S. 156 (1981), and either Plaintiff or his employer wrongfully or negligently caused his alleged injuries, losses and damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

The amount of any award in Plaintiff's favor and against Defendant should be reduced by the amount of benefits paid to or to be paid on behalf of Plaintiff' stevedore employer.

### FOURTEENTH AFFIRMATIVE DEFENSE

Venue is not proper in this Court.

WHEREFORE defendant THOR DAHL CONTAINERSHIP KS prays that Plaintiff take nothing by way of his Complaint, and that it recover costs of suit and fees and such other relief as this Court may deem just and proper.

DATED: August 29, 2007        EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

By  *[signature]*
James J. Tamulski
Katharine Essick
Attorneys for Defendant
THOR DAHL CONTAINERSHIP K.S.

- 4 -

EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

ANSWER OF DEFENDANT THOR DAHL CONTAINERSHIP KS
U.S. District of Cal., Northern Dist., Action No. C 07 4377

G:\28000.004 HYUNDAI EXPLORER (Turner)\Pleadings\Answer.doc