EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
James J. Tamulski (State Bar #64880)
Katharine Essick Snavely (State Bar #219426)
49 Stevenson Street, Suite 400
San Francisco, CA 94105
Telephone:   (415) 227-9455
Facsimile:    (415) 227-4255
E-Mail:        jtamulski@edptlaw.com
                  kessick@edptlaw.com

Attorneys for Defendant
THOR DAHL CONTAINERSHIP K.S.

WELTIN LAW OFFICE
Patrick B. Streb (State Bar #116555)
1432 Martin Luther King Jr. Way
Oakland, CA 94612
Tel. (510) 251-6060
Fax (510) 251-6040
streb@pacbell.net

Attorneys for Plaintiff
NOLAN TURNER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NOLAN TURNER,<br><br>       Plaintiff,<br><br>vs.<br><br>THOR DAHL CONTAINERSHIP K.S., and DOES 1-20,<br><br>       Defendant. | Case No.: C07-04377 MHP<br><br>**JOINT CASE MANAGEMENT STATEMENT; RULE 26(f) STATEMENT** |

**JOINT CASE MANAGEMENT STATEMENT**

The parties to the above-entitled action submit this Joint Case Management Statement and [Proposed] Case Management Order and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-9.

1. **Jurisidiction and Service**

On November 14, 2006, Plaintiff Nolan Turner filed suit in the Superior Court of California, County of Alameda, naming Thor Dahl Containership K.S. as defendant. On July 27, 2007, Plaintiff served a summons and complaint on Thor Dahl pursuant to the Hague Service Convention. On August 24, 2007 Thor Dahl removed the action to this Court pursuant to 28 U.S.C. §1441(b) (diversity). This Court has original jurisdiction of the action under 28 U.S.C. §1332.

2. **Facts**

Plaintiff: Plaintiff was a longshoreman who was assigned to lash/unlash containers on defendant's vessel. He was walking on the deck when the deck, plaintiff believes a grating, gave way. Plaintiff fell through the opening injuring his neck back, arms, and shoulders.

Defendant: On May 14, 2004 Thor Dahl Containership K.S. was the operator of the vessel HYUNDAI EXPLORER. Thor Dahl was unaware of any allegation of an accident until this litigation began. There was no report of an accident, and thus there was no ship's investigation of any accident.

3. **Legal Issues**

This is essentially a maritime negligence case. The shipowner's duty, when it arises, is one of reasonable care in the circumstances. Under the applicable law, Longshore and Harbor Workers Compensation Act (LHWCA), 33 U.S.C. section 905(b), the circumstances in which a shipowner's duty of care arise in only three circumstances: where the vessel is "turned over" to the stevedore, where the ship maintains its "active operations," and where there is a "duty to intervene." *See Scindia Steam Navigation Co., Ltd. v. De Los Santos*, 451 U.S. 156, 164-165 (1981); *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 98 (1994).

The shipowner must "exercise ordinary care under the circumstances to have the ship and its equipment in such condition that an expert and experienced stevedore will be able by the exercise of reasonable care to carry on its cargo operations with reasonable safety to persons and property...." Scindia Steam Navigation Co., Ltd. v. De Los Santos, 451 U.S. 156, 170 (1981) (describing "turnover" duty).

The shipowner must exercise reasonable care if it "actively involves itself in the cargo operations and negligently injures a longshoreman or if it fails to exercise due care to avoid exposing longshoremen to harm from hazards they may encounter in areas, or from equipment, under the active control of the vessel during stevedoring operation." Id. at 167 (active operations duty).

Finally, a vessel has a "duty to intervene" in the following circumstances: (1) it has actual or constructive knowledge of a dangerous condition, (2) it knows that the longshoremen are continuing to work despite the existence of an unreasonable risk of harm to them, and (3) it could not reasonably expect that the stevedore would remedy the situation. Taylor v. Moram Agancies, 739 F.2d 1384, 1387-1388 (9th Cir. 1984) (citing Scindia).

Thor Dahl must conduct discovery in order to explore which duty, if any, is implicated in this case. Plaintiff contends that the ship owner violated these duties.

**4.   Motions**

Thor Dahl does not currently anticipate bringing any motions but may need to bring a dispositive motion once it has conducted sufficient discovery.

**5.   Amendment of Pleadings**

No such amendments are anticipated.

**6.   Evidence Preservation**

Since learning of the accident in 2007, three years after the alleged events, Thor Dahl has reviewed its records for any information pertaining to the allegations and has instructed the vessel to maintain any surviving records for the relevant time period. Plaintiff has sent to defendant the disclosures required by FRCP 26(a)(1). Defendant will likewise make its initial disclosures before the case management conference.

**7.   Disclosures**

The parties intend to make their initial disclosures before the case management conference.

Plaintiff made the following disclosures on 12/6/07:

EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

26(a)(1)(A):  Plaintiff's medical providers, including Kaiser physicians and Dr. Fred Blackwell; Walking Boss "Roach" and co-worker Phil Rodriquez and possibly other co-workers and/or employees of the stevedore whose names are presently unknown.

26 (a)(1)(B):  Medical records:

    1. Kaiser Richmond through approximately June 1, 2007;

    2. Dr. Fred Blackwell through approximately November 1, 2005;

    3. Alleged transcription of recorded statement of Plaintiff dated May 20, 2004;

    4. OWCP Form LS202 dated May 25, 2004

    5. Earnings records PMA and Holiday Inn

26 (a)(1)(C): Medical records from Dr. Blackwell include at least a partial listing of his expenses according to the compensation carrier, $7,767 was spent on medical care as of August 2006. Plaintiff was off work from May 15, 2004 to approximately August 5, 2004. His average weekly wage as of May 15, 2004 was approximately $545.03 and lost wages approximately $7,000. Plaintiff was again off work from December 17, 2004 to February 15, 2006. His average weekly wage for this disability period was $931.00 and lost wages approximately $57,000. In addition, due to the residual effects of the injury of May 14, 2004, Mr. Turner has lost additional income of an amount estimated at $50,000. General damages at this time are estimated to be $200,000.

Plaintiff is enclosing the Decision and Order of the Office of Administrative Law Judge Alexander Karst dated September 26, 2006 listing the medical expenses paid.

**8.  Discovery**

Thor Dahl currently anticipates the following non-expert discovery before mediation: deposition of Plaintiff; independent medical examination of Plaintiff; the standard number of interrogatories and requests for production; subpoenas for medical, union, and Department of Labor (LHWCA) records of Plaintiff. If necessary Thor Dahl may depose a witness, as yet unidentified, to the alleged accident or any investigation; such a witness would likely be a non-party co-worker of Plaintiff's, i.e., a longshoreman or superintendant.

Plaintiff anticipates deposing several ship's officers including the chief mate and duty officer at the time of the accident as well as other members of the ship's crew on duty.

### 9. Class Actions

This is not a class action case.

### 10. Related Cases

There are no related cases.

### 11. Relief

Thor Dahl does not seek any damages from Plaintiff. Plaintiff's damages as far as they are known are listed in paragraph 7.

### 12. Settlement and ADR

The parties have agreed to attend a private mediation before mediator Jack McGlynn (JAMS) on or before February 18, 2008. They are in the process of setting a mutually agreeable date and time.

### 13. Consent to Magistrate Judge for All Purposes

The case was reassigned to this Court upon request for reassignment to a United States District Court Judge.

### 14. Other References

Not applicable.

### 15. Narrowing of Issues

Thor Dahl must identify the issues in this case via discovery. At this time it appears there are at least issues concerning (1) the cause of the alleged accident, (2) the nature and extent of Plaintiff's alleged injury, and (3) whether there is any triable issue of material fact on the question of negligence.

### 16. Expedited Schedule

The parties do not request any expedited case schedule.

//

//

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 5 -

JOINT CASE MANAGEMENT STATEMENT; RULE 26(f) STATEMENT
Case No C07-04377 EMC
G:\28000.004 HYUNDAI EXPLORER (Turner)\Pleadings\Joint Case Management Statement.doc

### 17. Scheduling

The parties agree that non-expert discovery shall be completed on August 1, 2008; expert disclosure shall be August 15, 2008; expert discovery cutoff shall be September 15, 2008; and requests trial on October 20, 2008 or thereafter.

### 18. Trial

The parties requests a trial no earlier than October 20, 2008. The parties estimate trial will take 5 court days.

### 19. Disclosure of Non-Party Interested Entities or Persons

Not applicable.

### JOINT RULE 26(f) STATEMENT

The parties to this litigation, by their undersigned counsel of record, met and conferred concerning all matters described in Rule 26(f) of the Federal Rules of Civil Procedure and provide the following report:

1. The parties do not believe that any changes need be made in the form of the initial disclosures and agree to provide the initial disclosures before the initial case management conference on December 17, 2007.

2. Discovery will be needed concerning liability and damages for Plaintiff's claims for negligence under the Longshore and Harbor Workers Compensation Act, 33 U.S.C. §905(b). The parties will conduct discovery as agreed and believe all non-expert discovery can be completed by July 15, 2008.

3. The parties do not believe any changes should be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or local rule.

4. No other orders are needed under Rule 26(a) or under Rule 16(b) and (c).

//
//
//
//

EMARD DANOFF PORT
FAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 6 -

JOINT CASE MANAGEMENT STATEMENT; RULE 26(f) STATEMENT
Case No C07-04377 EMC
G:\28000.004 HYUNDAI EXPLORER (Turner)\Pleadings\Joint Case Management Statement.doc

DATED: December 7, 2007     EMARD DANOFF PORT TAMULSKI & PAETZOLD LLP

By     /s/ Katharine Essick Snavely
    James J. Tamulski
    Katharine Essick Snavely
Attorneys for Defendant
THOR DAHL CONTAINERSHIP K.S.

DATED: December 7, 2007     WELTIN LAW OFFICE

By     /s/ Patrick B. Webb
    Patrick B. Webb
Attorneys for Plaintiff
NOLAN TURNER

**Certification of Signatures**

I attest that the content of this document is acceptable to all persons above, who were required to sign it.

    /S/
Katharine Essick Snavely

EMARD DANOFF PORT
TAMULSKI & PAETZOLD LLP
49 Stevenson Street
Suite 400
San Francisco, CA 94105

- 7 -

JOINT CASE MANAGEMENT STATEMENT; RULE 26(f) STATEMENT
Case No C07-04377 EMC
G:\28000.004 HYUNDAI EXPLORER (Turner)\Pleadings\Joint Case Management Statement.doc